LAKE *et al. v.* McCOMB, administrator, *et al.*

No. 12425.  September 16, 1938.

*R. Lee Moore* and *D. C. Jones,* for plaintiffs.
*Dekle & Dekle,* for defendants.

ATKINSON, Presiding Justice. A suit was brought by Mrs. Mabel Lake Smoak and others, for an accounting with M. G. McComb as administrator de bonis non cum testamento annexo of M. D. L. Perkins, against Horace Taylor as administrator of the estate of Mrs. Mamie K. Perkins, and against Horace Taylor individually. A verdict for the defendants was directed. A motion for new trial on the general grounds, and on the ground that there were issues of fact which should have been submitted to the jury, was overruled, and the plaintiffs excepted.

Mrs. Mamie K. Perkins was the widow and until her death the executrix of the will of M. D. L. Perkins. The plaintiffs based their claim on a provision contained in item 7 of the will of M. D. L. Perkins, they filling the description of those persons other than the widow who were designated in item 7, as follows: "It is my will and I desire and direct that as collections are made by my said wife upon land notes, and the proceeds of the sales of lands are collected by her, as hereinbefore authorized, and after deducting therefrom such amount as she may decide is needed or required for her own use, and after deducting the other one-half balance thereof which I have hereinbefore given to her in fee simple, the remaining net half thereof I direct shall be distributed by my said wife, as collected, as follows, to wit," giving the names. It was shown that Mrs. Perkins did receive moneys on the land

notes referred to in this item, and that she had failed to account to the plaintiffs for any part thereof. It is the insistence of their counsel that the will imposed on Mrs. Perkins a trust to pay over to the plaintiffs certain funds derived from the collection of the notes, and that it was a breach of trust and a fraud for her to appropriate to her own use the entire income from that source. It is the contention of the defendants that M. D. L. Perkins, the testator, granted to his wife the unrestricted and unlimited use of all funds which she might collect from the land notes belonging to his estate, for her own use, in the event she needed or required the same; and that the plaintiffs took nothing unless, after her needs and requirements had been supplied from such funds, there were still available funds from that source.

The latter contention is sound; and without proving that the widow used funds arising under this item which were not needed or required for her own use, the plaintiffs had no right to recover. They neither alleged nor submitted any proof to show a lack of need on her part of these funds. An examination of the will as a whole confirms our view. The entire instrument manifests a fixed and definite purpose to insure her against penury and want to the day of her death. Under item 5 of the will the widow was authorized to sell any of the lands at private sale, she being expressly authorized and empowered "to use such parts of the proceeds of the sale of such lands as she may need for her own use, the balance of the proceeds of the sales of such lands as she may sell, not needed or required by her for her own use, I direct shall be equally divided," etc. It would have been a simple matter for the testator to have provided that the beneficiaries under his will, other than his wife, should receive a given portion of the proceeds of such land sales, without taking into account her own needs and requirements; but he did not do so, but on the contrary contemplated that there should never be any division of such funds except in the event she did not need or require them. In item 9 of the will she was empowered to sell any or all of his property for the purposes named in that instrument, "in her uncontrolled discretion," and without requiring her to obtain the leave or order of any court. The only restriction placed on her use of such of the funds here involved was that she was required to use them for herself. There is nothing in

the evidence to show that she used them otherwise or appropriated them for other purposes. The judge did not err in directing the verdict, or in refusing a new trial.

*Judgment affirmed. All the Justices concur.*